UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**RONALD SATISH EMRIT,**      **CIVIL ACTION NO.**
**PRESIDENTIAL CANDIDATE**
**NUMBER P60005535, ET AL.**      **25-302-BAJ-EWD**

**VERSUS**

**FEDERAL RESERVE BANK, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report, Recommendation, and Order has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2025.

                       *[signature]*
                       **ERIN WILDER-DOOMES**
                       **UNITED STATES MAGISTRATE JUDGE**

*Ronald Satish Emrit - Certified # 9589 0710 5270 1607 9436 12*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**RONALD SATISH EMRIT,**  **CIVIL CASE NO.**
**PRESIDENTIAL CANDIDATE**
**NUMBER P60005535, ET AL.**

**VERSUS**  **25-302-BAJ-EWD**

**FEDERAL RESERVE BANK, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Complaint, filed by Ronald Satish Emrit ("Plaintiff"), who also refers to himself as "Presidential Candidate Number P60005535."[1] Also before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").[2] Based on the screening allowed under 28 U.S.C. § 1915(e), it is recommended that Plaintiff's Complaint be dismissed with prejudice because it is frivolous and fails to assert a claim for which relief can be granted, and that Plaintiff be warned to stop filing frivolous lawsuits in this Court. Considering Plaintiff's well-documented status as a serial, bad faith filer and vexatious litigant, Plaintiff's IFP Application will be denied.

**I.   BACKGROUND**

On April 7 and 8, 2025, Plaintiff filed five Complaints in this Court,[3] including the one in this case. Plaintiff also filed earlier lawsuits on January 7, 2025 and September 29, 2014.[4] Two

---

[1] R. Doc. 1.

[2] R. Doc. 2.

[3] *Emrit et al v. International Court of Justice in Hague, Netherlands et al.*, No. 25-295 (M.D. La. Apr. 7, 2025); *Emrit et al. v. World Intell. Prop. Org., et al.*, No. 25-297 (M.D. La. Apr. 7, 2025) (dismissed with prejudice for failure to state a claim and frivolity); *Emrit et al. v. Cobb Gonzalez Law Finn of Jacksonville, Florida et al.*, No. 25-298 (M.D. La. Apr. 7, 2025) (transferred because of improper venue); *Emrit et al. v. United States Patent and Trademark Office et al.,* No. 25-301 (M.D. La. Apr. 8, 2025); and the current case. Plaintiff names "Presidential Committee/Political Action Committee/Separate Segregated Fund Number C00569897 d/b/a United Emrits of America" as an additional plaintiff in all the cases.

[4] *Emrit v. Hunter Medical Systems, Inc*., No. 14-608 (M.D. La. Sept. 29, 2014) (dismissed without prejudice for failure to serve process) and *Emrit et al v. Musk, et al.*, No. 25-25 (M.D. La. Jan. 7, 2025).

cases have been dismissed for lack of subject matter jurisdiction, improper venue, and/or failure to serve process, and one has been transferred to another district court due to improper venue. Similarly, on April 11, 2025, Plaintiff filed five Complaints in the United States District Court for the Eastern District of Louisiana ("Eastern District") against many of the same defendants.[5] Plaintiff has filed additional proceedings in the Eastern District, many of which were also transferred to other district courts or dismissed for lack of subject matter jurisdiction.[6] Plaintiff is well-known for having filed hundreds of cases in federal district and appellate courts across the country.[7]

In the six Complaints filed in this Court this year, Plaintiff sued a wide range of federal agencies, foreign entities, government officials, and state courts. Included as defendants, *e.g.*, are Elon Musk; Speaker of the House, Mike Johnson; the U.S. Department of Government Efficiency; Vivek Ramaswamy; the International Monetary Fund; the European Union; the European Economic Community; the Federal Reserve Bank; the Bureau of Engraving and Printing; the International Court of Justice in Hague, Netherlands; the United Nations; the World Trade Organization; the United States Embassy of Poland; the U.S. Department of Commerce; the U.S. Patent and Trademark Office; and a Florida state court.

---

[5] The case captions of the five cases filed in the Eastern District on April 11, 2025 are similar to those filed here; namely, *Emrit v. Trademark Office (USPTO), et al.,* No. 25-720; *Emrit v. Cobb Gonzalez Law Firm, et al.,* No. 25-721; *Emrit v. World Intellectual Property Organization (WIPO), et al.,* 25-722; *Emrit v. Federal Reserve Bank, et al.,* 25-723; *Emrit v. International Court of Justice in Hague, Netherlands, et al.*, No. 25-724 (all as noted by the Eastern District in *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* No. 25-724, 2025 WL 1158928, at *1 (E.D. La. Apr. 21, 2025)).

[6] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *1 and n. 3-4.

[7] *See Emrit v. World Intell. Prop. Org.,* No. 25-297, 2025 WL 1524489, at *3, n.4 (M.D. La. May 8, 2025), report and recommendation adopted, No. 25-297, 2025 WL 1519704 (M.D. La. May 28, 2025) ("Plaintiff has been deemed "a well documented serial filer" who has filed over three hundred cases since 2013."). Plaintiff's name is listed as a party in 568 federal filings per Westlaw.

**II.    LAW AND ANALYSIS**

In this case, Plaintiff asserts claims for tortious interference with contract and tortious interference with business relations against the Federal Reserve Bank ("FRB"), the Federal Open Market Committee, the Bureau of Engraving and Printing, and the National Mint.[8] Plaintiff contends that this Court has both diversity jurisdiction and federal question jurisdiction over his claims.[9] Regarding diversity jurisdiction, while Plaintiff seeks damages of "$500 billion," Plaintiff fails to allege the citizenship of any of the defendants, and only asserts that he is a "resident" of Florida and Maryland, which is inadequate.[10] As to federal question jurisdiction, Plaintiff advises that the proceeding "involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause," an allegation that Plaintiff has repeatedly used;[11] however, as noted by another division of this Court in one of Plaintiff's other cases, "[t]his [identical allegation] is a patently false statement about the contents of Plaintiff's Complaint."[12]

In his "Statement of Facts," Plaintiff discusses President Donald J. Trump's imposition of tariffs on foreign nations, which Plaintiff contends has an impact on the FRB, and the FRB's ability to control inflation by adjusting interest rates.[13] In a rambling fashion, Plaintiff also references

---

[8] R. Doc. 1, introductory paragraph and ¶¶ 5-8, and pp. 7-8.

[9] R. Doc. 1, ¶¶ 11-13.

[10] R. Doc. 1, ¶¶ 4-8, 15 and prayer for relief. Plaintiff's allegation of residency is inadequate to allege his citizenship. While the Fifth Circuit has noted that "the place of residence is prima facie the domicile," it has clearly held that "[c]itizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home,'" and therefore residency allegations, standing alone, do not satisfy the requirement of an allegation of citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019) (citations omitted).

[11] *See, e.g., Emrit v. World Intell. Prop. Org.,* 2025 WL 1524489, at *2 and *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *1

[12] *Emrit v. World Intell. Prop. Org.*, 2025 WL 1524489, at *2, n. 4.

[13] R. Doc. 1, ¶¶ 16-17.

3

various other presidents, governmental entities, past FRB chairmen, banks, and investment firms.[14] Plaintiff additionally references his attempts to obtain a design patent, as well as a visa or political asylum for his fiancé, Maria Cherniavska. Plaintiff strangely alleges:

> 22.) The plaintiff believes that the phrase **"We are Really Soul Mates"** with the acronym of **WARSM** is connected to **Warm Springs Road in Henderson, Nevada** which would connect his fiance Maria Cherniavska to his former girlfriend Ariel Joy Bell (AJB) of Henderson, Nevada and Tina Baijoo of Houston, Texas, and Batina Wills (BW) of HUD in addition The BLair Witch (Moll Dyer from Leonardtown, Maryland in Saint Mary's County) and the clerk of the court for the Ninth Circuit in San Francisco in addition to The Beauty Within MOdels of Westerly, RHode Island.
>
> 23.) In addition, the phrase **"We Are Really Soul Mates"** applied to the plaintiff and his fiance Maria Cherniavska is connected to Warsaw, Poland, the **Warsaw Pact** as opposite of **NATO/OTAN** (Mirror Writing involving palindromes), Vivek Ramaswamy, Swamp Thing, The Mothman, and **Rawson Neal Psychiatric Hospital** (connected to Shaquille O' Neal, Tamille Hawkins, and Neil Portnow of The Grammys at Willard Intercontinental Hotel) in Las Vegas, Nevada where Shelly Renee Murray of Henderson, Nevada visited the plaintiff which would connect Maria Cherniavska of Warsaw, Poland and Kharkiv, Ukraine to both Shelly Renee Murray and Ariel Joy Bell of Henderson, Nevada and the concept of **SWARM Robotics involving stigmergy** taught to the plaintiff by Dr. John Long of Vassar College through The Great Courses/Teaching Company with its principal place of business (ppb) in Chantilly, Virginia.[15]

Plaintiff seeks $500 billion against the defendants, as well as an injunction precluding the defendants from imposing tariffs on foreign nations and requiring the defendants to adjust interest rates.[16]

Plaintiff seeks leave to proceed with these claims without prepaying the filing fee. As aptly noted by the Eastern District, "[p]roceeding *in forma pauperis* is a privilege, not a right and

---

[14] R. Doc. 1, ¶¶ 18-20, 24-31.

[15] R. Doc. 1, ¶¶ 21-23 (reproduced as in original).

[16] R. Doc. 1, pp. 9-10.

4

permission to so proceed is committed to the sound discretion of the court."[17] "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."[18] The Supreme Court has explained that, "[t]o prevent such abusive or captious litigation, § 1915(d) [19]authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[20]

Courts have a duty to screen initial filings to independently assess the merits of a complaint filed by a litigant requesting to proceed *in forma pauperis* and to dismiss claims as frivolous that have no arguable basis in law or fact. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."[21] According to the Fifth Circuit, "[a]n IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(d)."[22] Section 1915(e) further provides, in pertinent part, that, "the court shall dismiss the case at any time if the court

---

[17] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *2, citing *Gomez v. U.S.*, 245 F.2d 346, 347 (5th Cir. 1957).

[18] *Id.,* citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[19] *Tam Vo v. St. Charles Par.,* No. 10-4624, 2011 WL 743466, at *2, n. 2 (E.D. La. Feb. 3, 2011), report and recommendation adopted sub nom., *Vo v. St. Charles Par.*, No. CIV.A. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011) ("Section § 1915(d) was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ('PLRA').").

[20] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *2, citing *Neitzke*, 490 U.S. at 327.

[21] *Id.*, citing *Neitzke*, 490 U.S. at 324-25 and 327.

[22] *Id.,* citing *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) (abrogated in part on other grounds).

5

determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted."[23]

Plaintiff's Complaint in this case, as in many others, is rambling, illogical, and delusional. Viewing the coherent factual allegations liberally considering Plaintiff's *pro se* status,[24] Plaintiff fails to state a claim for relief against any of the defendants. It is unclear how Plaintiff's allegations regarding FRB policies and tariffs imposed on foreign nations, design patents, visas for his fiancée, and the actions of past U.S. Presidents and FRB chairmen relate in any way to Plaintiff's purported claims for tortious interference with contract or business relations, nor does Plaintiff identify the contracts or business relations allegedly affected.

Plaintiff has also failed his burden to establish this Court's subject matter jurisdiction, as he has failed to allege any facts in support of plausible causes of action under the federal statutes on which he relies, and has failed to allege the citizenship of the parties.[25] Furthermore, venue, which Plaintiff premises on 28 U.S.C. §§ 1391 and 1400, does not lie in this district.[26] Section 1400 is inapplicable because it applies to claims involving patents and copyrights.[27] Venue under

---

[23] *Id.,* citing 28 U.S.C. § 1915(e)(2). *See also Emrit v. Cent. Intel. Agency,* No. 22-35, 2022 WL 1575999, at *7 (N.D.W. Va. Apr. 1, 2022), report and recommendation adopted, No. 22-35, 2022 WL 1573175 (N.D.W. Va. May 18, 2022) (finding that Plaintiff qualifies as a pauper, but denying him leave to proceed IFP "because his conduct continues to improperly waste judicial resources and abuse the IFP privilege as a tool to 'subsidize suits that prepaid administrative costs would otherwise have deterred.'")(citation omitted).

[24] *See Johnson v. Attorney Office of Newman, Mathis, Brady & Spedale,* No. 12-706, 2013 WL 6834381, at *2 (M.D. La. Dec. 23, 2013), citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (finding allegations in a *pro se* complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also S.E.C. v. AMX, Intern. Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively").

[25] Even if Plaintiff had adequately alleged diversity jurisdiction, the Complaint is still subject to dismissal as frivolous and because it fails to state a claim.

[26] *See Petersen v. Meta, Inc.,* No. 24-38, 2024 WL 4719714, at *4 (S.D. Tex. Sept. 4, 2024), report and recommendation adopted, No. 24-38, 2024 WL 4608185 (S.D. Tex. Oct. 29, 2024) ("If venue is improper, § 1406(a) authorizes the court to act *sua sponte. See Caldwell v. Palmetto St. Sav. Bank of S. Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).").

[27] 28 U.S.C. § 1400 provides "(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his

§ 1391 fails, whether it be under the general venue provision in subsection (b) or the provision relating to actions against agencies of the United States under subsection (e), because neither Plaintiff nor Defendants reside in this district, none of the alleged events or omissions took place in this district, and there are other districts in which the action could potentially brought (if it alleged colorable claims).[28]

Other district courts have recognized that Plaintiff has filed hundreds of lawsuits in district courts nationwide, the majority of which have been dismissed for improper venue or failure to state a claim.[29] "Additionally, '[d]ue to Plaintiff's 'extensive and abusive nationwide litigation practices ... Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple districts across the country."[30] "These voluminous pleadings take up considerable time and limited judicial resources which should appropriately be reserved to address and resolve claims which may have merit,"[31] and which Plaintiff's claims lack. Plaintiff has been warned by several

---

agent resides or may be found and (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

[28] 28 U.S.C. §1391(b) provides: "Venue in general.--A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(e) provides, in pertinent part: "(e) Actions where defendant is officer or employee of the United States-- (1) In general.--A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."

[29] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *3 ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit…has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii," and noting that most of his cases have been dismissed) (citing *Emrit v. Central Intelligence Agency*, 2022 WL 1575999, at *1) (other citations omitted).

[30] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *3, citing *Emrit v. Central Intelligence Agency*, 2022 WL 1575999 at *1 (quoting *Emrit v. Trump*, No. 19-18, 2019 WL 140107, at *2 (S.D. Ohio Jan. 9, 2019), report and recommendation adopted, No. 19-18, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019)).

[31] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *3.

Courts, including the Eastern District just this past year, that further frivolous filings will result in a prohibition against him, preventing him from filing new cases without receiving advance permission.[32] This Court should likewise warn Plaintiff that future frivolous filings here will result in a prohibition on future filings without advance Court permission.[33]

Nor should Plaintiff be given a chance to amend his Complaint. Under Federal Rule of Civil Procedure 15(a), courts must "freely give leave [to amend] when justice so requires." In exercising their discretion, courts consider such factors as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment.[34] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[35] It is clear from the discussion, above, that any amendments to the Complaint would be futile, and Plaintiff's bad faith in repeatedly filing hundreds of frivolous lawsuits also supports declining leave to amend.

### III. CONCLUSION AND RECOMMENDATION

Plaintiff's Complaint, like the multitude of others filed elsewhere, is frivolous and fails to state a claim, and additionally fails to allege a basis for this Court's subject matter jurisdiction. Leave to amend is not warranted because it would be futile. Plaintiff should be warned that, if he files another frivolous lawsuit, he will be ordered to obtain leave of Court before filing any new Complaints, and the Clerk of Court will be directed to not accept them unless Plaintiff has received

---

[32] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *4 ("The Court warns Emrit that further frivolous filings in this Court will result in the imposition of an injunction prohibiting him from making future filings without prior leave of the Court." (citing *Emrit v. Combs,* No. 24-372, 2024WL 5466073, at *3 (E.D. La. June 10, 2024)).

[33] *Emrit v. Int'l Ct. of Just. in Hague, Netherlands,* 2025 WL 1158928, at *4 ("Federal courts may refuse to entertain certain complaints or otherwise impose restrictions if the petitioner 'has been guilty of flagrant misuse' or abuse of the judicial process.") (citing *Howard v. King,* 707 F.2d 215, 221 (5th Cir. 1983) (other citations omitted).

[34] *Smith v. EMC Corp,* 393 F.3d 590, 595 (5th Cir. 2004), citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). Absent any of these factors, the leave sought should be freely given. *Smith*, 393 F.3d at 595.

[35] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

permission. Plaintiff's IFP Application will be denied to prevent Plaintiff from flagrantly abusing the judicial process.

Accordingly,

**IT IS RECOMMENDED** that the Complaint,[36] filed by Plaintiff Ronald Satish Emrit, and all claims therein, including his request for an injunction, be **DISMISSED WITH PREJUDICE** as frivolous on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Leave to amend is not warranted because it would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff Ronald Satish Emrit be warned that, if he files another frivolous lawsuit, he will be ordered to obtain leave of Court before filing any further Complaints, and the Clerk of Court will be directed not to accept any further lawsuits unless Plaintiff has first obtained permission from a judge of this Court.

**IT IS ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs,[37] filed by Plaintiff Ronald Satish Emrit, is **DENIED** to prevent Plaintiff from flagrantly abusing the judicial process.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Magistrate Judge's Report, Recommendation, and Order on Plaintiff Ronald Satish Emrit by regular and by certified mail to his address of record on PACER.

Signed in Baton Rouge, Louisiana, September 25, 2025.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[36] R. Doc 1.

[37] R. Doc. 2.

9